IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SOLOFIIL, LLC. | CIVIL ACTION NO. 4:16-cv-2702 |
| *Plaintiff*, | |
| v. | |
| ADRIAN RIVERA, an individual, and ADRIAN RIVERA MAYNEZ ENTERPRISES, INC. | |
| *Defendants*. | |

## ORIGINAL COMPLAINT

For its complaint against Defendants Adrian Rivera & ARM Enterprises, Inc., plaintiff SOLOFILL, LLC alleges as follows:

## PARTIES

1.      Plaintiff Solofill, LLC ("Solofill") is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 3670 Westchase Drive, Houston, Texas 77042.   Solofill designs, manufactures, markets and distributes coffee brewing products at retailers nationwide and in this District under the trademark "SOLOFILL."

2.      Defendant Adrian Rivera Maynez Enterprises, Inc. ("ARM") is a corporation formed under the laws of the State of California and has a principal place of business at 16141 Heron Avenue, La Miranda, California 90638. ARM designs, manufactures, markets and distributes coffee brewing products at retailers nationwide and in this District under the trademark "ECO-FILL" that are colorable copies of Plaintiff's products.

3.      Adrian Rivera ("Rivera") is an individual domiciled in the State of California and

residing at 14979 Lodosa Drive, Whittier, California, 90605, and is the founder, owner and president of ARM.

4.      Upon information and belief, Rivera is the purported owner of the infringing trademark ECO-FILL and has directed said trademark to be used by ARM in unfair competition with Plaintiff.

5.      Upon information and belief, Rivera has controlled all of the conduct of ARM complained of herein and is a decision maker having joint and several liability with ARM for all the acts complained of herein.

6.      Upon information and belief, each Defendant has acted with the permission, consent, knowledge and active inducement on the part of the other with regard to the acts alleged herein, and together have acted as co-conspirators and/or agents in the performance of such acts.

7.      Upon information and belief, there has existed a unity of interest between defendants ARM and Rivera such that any individuality and separateness of ARM and Rivera has ceased, and that each is the alter-ego of the other in the acts alleged.

## NATURE OF ACTION, JURISDICTION AND VENUE

8.      This is an action at law and in equity seeking redress for trademark and trade dress infringement, unfair competition and deceptive trade practices arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act") and under the Texas Deceptive Trade Practices Act, and for unjust enrichment and misappropriation under Texas common law.

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question), §1332 (Diversity) §1338 (Trademark and Unfair Competition) and § 1367 (Supplemental Jurisdiction), and/or 15 U.S.C. § 1121 (Lanham Act). The amount in controversy exceeds $75,000 exclusive of interest and costs.

10.     Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1391.

11.     This Court has personal jurisdiction over the Defendants because each Defendant, either individually or as part of an agreement, has: (a) offered, sold, advertised, and provided within retail stores in Texas and in this District such as Bed, Bath and Beyond, products using the infringing ECO-FILL name, logo and trade dress; (b) maintains and has maintained continuous and systematic contacts with Texas and this District over a period of time through at least such activities; and (c) purposefully availed itself of the benefits of doing business in Texas and this District. Accordingly, Defendants, and each of them, maintain minimum contacts with Texas and this District that are more than sufficient to subject the Defendants to service of process in compliance with due process of law.

12.     Venue is proper because, at all times relevant hereto; (a) a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including but not limited to that Defendants transacted business, engaged in acts of trademark and trade dress infringement and unfair competition by marketing and selling their products through retailers in this District, including Bed, Bath and Beyond, Target and Walmart under the infringing ECO-FILL name, logo and trade dress; and (b) Defendants are subject to personal jurisdiction in this District at the commencement of this action, as set forth above.

## FACTS COMMON TO ALL COUNTS

### SOLOFILL'S PRODUCTS, TRADEMARK(S), LOGO AND TRADE DRESS

13.     Plaintiff is currently, and for years has been, the original manufacturer of an after-market reusable filter brewing cartridges for the KEURIG® brewer and is one of the world's leading manufacturers, distributors and sellers of such cartridges. Solofill manufactures and distributes its

reusable filter cup under its "Solofill" brand nationwide and in this District, including at retailers Bed, Bath & Beyond, Target, Walmart and Amazon.

14.     Solofill's reusable filter brewing cartridges are designed as a replacement for KEURIG®'s "K-cups." The latter are distributed pre-filled with ground coffee beans and are designed by KEURIG® to be used once and then disposed.  In contrast, Solofill's reusable filter brewing cartridges are designed to allow the consumer to fill them with their own choice of ground coffee and can be refilled and reused to brew coffee in a KEURIG® machine.   These are designed with permanent filters so that a consumer only has to wash out the cartridge and refill it to reuse it.




15.     Solofill's innovative high quality reusable filter brewing cartridges enjoy an excellent reputation in the industry and Solofill is a recognized leader in the industry, having created the first reusable filter brewing cartridges for the KEURIG® machine which could be directly used with the KEURIG® machine and did not require the K-cup adaptor of the KEURIG® machine to first be removed.  The original version of Solofill's product (internally designated by Solofill as "K-1") is depicted below in two different colors:

SOLOFILL "K1"



16.     Solofill first entered in the market with its reusable filter brewing cartridge design under the trademark "SOLOFILL" on or about September 29, 2010 and filed for and obtained federal registration of its Solofill mark on April 23, 2013.   A copy of its United States Trademark Registration No. 4,322,850 is attached hereto as Exhibit A, for the word mark:

# SOLOFILL

17.     Solofill markets its products under its distinctive logo design, which is used in its promotional materials and product packaging:



18.     Another innovative feature of Solofill's reusable filter cartridge design is its patent pending "FLO" technology marketed since at least 2010 by Solofill under its common law "FLO" trademarks, first "Octaflo" and later "Decaflo."  This patent pending technology includes a lid with

a hollow slotted projection extending therefrom terminating in an open end that is used to inject hot water across a large expanse of the coffee grounds in order to brew a more perfect cup of coffee when the cartridge is filled with coffee, its lid is closed and the cartridge in used in the KEURIG® machine to brew coffee. Solofill has promoted its technology for years under its common law "FLO" trademarks:

# OCTOFLO

# DECAFLO

19.     This patent pending "FLO" feature has been marketed with the Octaflo or Decaflo trademark and pictorials on various promotional materials, including on Solofill's product packaging since at least 2010:

 

20.     Moreover, Solofill has continuously presented its reusable filter brewing cartridge product using an intentionally created particular unique and distinctive trade dress format, mainly presenting the product with its lid open and Octaflo/Decaflo nozzle facing the consumer through a tall rectangular box with a clear face and clear sides with an opaque upper and lower banner framing the clear face and sides of the box.

///

///

**SOLOFILL "K2" AND PACKAGING**




21.     Solofill deliberately adopted this trade dress format to distinguish itself in the market.

22.     In addition to this baseline trade dress for presenting its product, the upper banner includes the trademark and product name, using a stylized drawing of a coffee cup in a letter of the product name, with a stylized steam swirl above it:

**PLAINTIFF'S UPPER BANNER**



23.     The lower banner includes a light colored ceramic coffee cup with steam emitting therefrom and the prominent words "Easy 2 Steps! 1 Fill it 2 Close it · Ready to Brew:

**PLAINTIFF'S LOWER BANNER**



24.     Since 2010, Solofill has continuously used its distinctive trademarks, logo and trade dress for all versions of its reusable filter brewing cartridges.  Over the years, Solofill has also used its trademarks and trade dress in connection with other Solofill products.

25.     The overall appearance of the Solofill's trade dress provides a certain distinctive and non-functional appearance that, taken as a whole in combination, identifies the reusable filter brewing cartridge contained in the packaging as originating exclusively with Solofill.

26.     Solofill's distinctive and patent pending reusable filter brewing cartridge and Solofill's trademarks, logo and distinctive trade dress represent valuable goodwill and have come to signify the quality and reputation of one of the world 's top selling and most popular reusable brewing cartridges.  Solofill's trademark, logo and trade dress (featuring a distinctive presentation of the product and one or more other distinctive trade dress features) have become well-known in the industry and each identify to consumers that the origin of the product lies with the Plaintiff Solofill.

27.     Solofill has used and actively promoted its trademark, logo and trade dress to identify to retailers, customers and users the high quality products it sells extensively throughout the United States and other parts of the world.

28.     Solofill has sold millions of its reusable filter cartridges under the Solofill trademarks,

logo and trade dress and has extensively advertised, marketed, and promoted its reusable brewing cartridges using its Solofill trademarks, logo and trade dress.  Solofill's products bearing the Solofill trademark, logo and trade dress are well known and well respected for quality and dependability.

29.    Since creating the market by introducing its innovative reusable filter brewing cartridge more than five years ago, Solofill has spent thousands of hours of work and hundreds of thousands of dollars promoting its product and its trademarks and trade dress.  As a result of Solofill's continuous promotion of its trademarks and trade dress in connection with its products, these same enjoy wide public acceptance and association with Plaintiff, have enjoyed extensive media coverage recognition and accolades, positive customer reviews and testimonials, and are well known and favorably recognized by consumers worldwide as an indicator of the origin of the Solofill reusable filter brewing cartridge.

## DEFENDANTS' IMPROPER AND UNLAWFUL ACTIVITIES

30.    Since Solofill first brought its reusable filter brewing cartridge design to market, others have entered the market, including defendants Adrian Rivera and ARM, Inc.  However, Mr. Rivera and ARM have also traded upon Solofill's reputation in the industry for quality and innovation by also using a confusingly similar trademark, "Eco-fill," a confusingly similar logo, and a confusingly similar trade dress as detailed herein.  This has created actual confusion in the industry and diminished the power of plaintiff's Solofill mark, logo and trade dress.

31.    After Solofill had used its name, logo and this packaging format for at least two years, Mr. Rivera and ARM entered the market with a substantially copied reusable filter brewing cartridge design that they sold in substantially copied packaging that they began to promote, advertise, and sell the copied reusable filter brewing cartridge in the same retail and wholesale channels of trade under a substantially copied similar trademark, "ECO-FILL."

**PLAINTIFF'S MARK & PRODUCT**        **DEFENDANTS' ADOPTED MARK & PRODUCT**

# SOLOFILL                                   ECO-FILL




32.     Like Solofill's trademark "SOLOFILL," Defendants adopted mark "ECO-FILL" also ends with the suffix "fill."  Like the prefix "Solo", the term Eco ends with "o" and is pronounced in two syllables.

33.     In addition to adopting a confusingly similar mark, Moreover, Defendants used a similar logo:

**PLAINTIFF'S LOGO**                    **DEFENDANTS' ADOPTED LOGO**




34.     Like the Solofill logo, Mr. Rivera chose to adopt for his new logo a design that uses significant elements from Solofill's logo design. First, Mr. Rivera chose to adopt the green and

yellow-orange coloring of Solofill's logo design.  Like the green lettering of "solo" in the Solofill

logo design, the "eco" in the Ecofill logo design adopted by Mr. Rivera has a similar green colored

lettering.  Like the yellow-orange swirl suggestive of steam above the words in the Solofill logo

design, Mr. Rivera also uses a yellow swirl suggestive of steam above the ECO-FILL design.

Moreover, like the cup of coffee depicted below the steam swirl forming the letter "u" in the word

"cup" used by Solofill on its packaging, the logo design adopted by Mr. Rivera also depicts a cup

of coffee below a swirl inside the letter "o" in the prefix "eco."

35.    Further adding confusion for retailers and the marketplace, Mr. Rivera and ARM

chose to present their substantially copied product with substantially the same trade dress as

Solofill, namely presenting the product with an open face lid with the copied "POLY-FLO" nozzle

facing the consumer in a similar sized box also through a clear face with a solid upper and lower

banner with the trademark in the upper banner and the coffee cup in the lower banner.

**PLAINTIFF'S PACKAGING**          **DEFENDANTS' ADOPTED PACKAGING**

          

36.     Further evidencing their intent to confuse the market place, Mr. River and ARM have chosen to adopt on their packaging additional trade dress features used by Solofill on its packaging including, at a minimum, the following:

    a.   Using a similar stylized coffee cup in the lettering of the product name in the upper banner;

**PLAINTIFF'S UPPER BANNER**          **DEFENDANTS' ADOPTED UPPER BANNER**

   

    b.   Using a substantially identical light colored ceramic coffee cup with steam emitting therefrom and similarly located in the lower banner;

    c.   Using the "2 Easy Steps" language on the lower banner with the number 1 with "Fill" after it and the number 2 with "Close" after it;

**PLAINTIFF'S LOWER BANNER**          **DEFENDANTS' ADOPTED LOWER BANNER**

   

    d.   Using a similar trademark and logo and similarly located in the upper banner;

    e.   Using similar packaging color schemes;

    f.   Using a "FLO" trademark, *i.e.*, "POLY-FLO" to promote the copied "FLO" technology, and showing a similar visual depiction as used by Solofill to promote its patent pending technology;

| **PLAINTIFF'S "FLO" MARK & DIAGRAM** | **DEFENDANTS' ADOPTED "FLO" MARK AND DIAGRAM** |

  

g.  A similar pictorial depicting the product with the open lid and the copied "FLO' technology nozzle pointing rightwards with a spoonful of coffee pointing downward and leftward, with an adjacent pictorial of the product depicted with a closed lid.

| **PLAINTIFF'S FILL DIAGRAM** | **DEFENDANTS' ADOPTED FILL DIAGRAM** |

  

h.  a nearly identical green & white oval shaped "BPA Free" logo on the clear side window;

///

///

**PLAINTIFF'S BPA FREE DESIGN**         **DEFENDANTS' ADOPTED BPA FREE**

                    

   i.   And in a literal copy of the "feel" of the trade dress, Defendants adopted a box
and window of similar plastic so that the packaging even feels identical to
Plaintiff's when held by a consumer.

37.    Moreover, in a continuing pattern of conduct and scheme to confuse the public,
Defendants have made corresponding changes in the appearance of their copied products and
packaging to correspond to the changes made by Solofill in the appearance of the original Solofill
products and packaging.  For example, when Solofill recently updated its product design and
packaging, Defendants followed suit:


///



///

**SOLOFILL'S MODIFIED PACKAGING**   **DEFENDANTS' MODIFIED PACKAGING**

   

**SOLOFILL'S MODIFIED PRODUCT**   **DEFENDANTS' MODIFIED PRODUCT**

   

38.     A  side-by-side  comparison  showing  similarities  between  Solofill's  original

products, trademark, logo, and packaging and the adopted trademark, logo and packaging used by Defendants to market their knock-off products are also seen in Exhibit B hereto.  The use of features by Defendants further evidence their intent to trade upon Solofill's goodwill.

39.    Plaintiff has used the Solofill name, logo and trade dress extensively and continuously within this District and the United States long before Defendants began marketing their imitation reusable filter brewing cartridge under a confusingly similar name, logo and trade dress.  The parties' products compete and are sold in overlapping channels of trade. Defendants' continued sale of their imitation products under a confusingly similar name, logo and trade dress are likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that the reusable brewing cartridges sold by Defendants are manufactured by, authorized by, or in some other manner associated with Plaintiff, which they are not. The likelihood of confusion, mistake and deception engendered by Defendants' misappropriation of Plaintiff's goodwill by using a confusingly similar name, logo and trade dress is causing irreparable harm to the goodwill symbolized by Solofill's name, logo and trade dress and the reputation for innovation and quality that such embodies.

40.    Defendants promote, advertise, distribute sell and offer for sale their imitation reusable filter brewing cartridge product using a confusingly similar ECO-FILL trademark, logo and trade dress.  Defendants reusable brewing cartridges are not manufactured by Plaintiff and Plaintiff has no control over their quality or design.  Nor are Defendants connected or affiliated with, or authorized by Solofill in any way. Defendants' continued marketing in this manner is, and is likely to continue, causing confusion and to deceive consumers and the public regarding its source, and dilutes the distinctive quality of Plaintiff's trade dress.

41.    Defendants' activities are likely to cause confusion before, during, and after the

time of purchase because purchasers, prospective purchasers, and others viewing Defendants'
imitation product and packaging at the point of sale -- due to Defendants' use of a confusingly
similar name, logo and trade dress on an imitation product– are likely to mistakenly attribute the
Defendants' imitation products to Solofill. This is particularly damaging with respect to those
persons who perceive defect or lack of quality in Defendants' imitation product and attribute it to
Solofill.  This is also particularly damaging to the uniqueness and valuable reputation of the
Solofill brand and Plaintiff's ability to control the public perception of its brand of products.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT

42.    Solofill repeats, re-alleges and incorporates by reference the allegations of each of
the paragraphs above as if fully set forth herein.

43.    The purchasing public will likely be and has been confused and deceived into
believing that Defendants' imitation reusable filter brewing cartridge products bearing the
designation ECO-FILL are part of Solofil's business and/or are products authorized by Solofill,
and/or that the goods originating from Defendants are of the same quality as the Solofill's reusable
filter brewing cartridge products.

44.    Solofill's reusable filter brewing cartridge products bearing and sold under its
federally registered trademark SOLOFILL travel through the same trade channels, are offered for
sale to the public through the same retail outlets, and are purchased by the same class of customers
as Defendants reusable filter brewing cartridge products that bear the designation ECO-FILL.

45.    Plaintiff's trademark SOLOFILL and Defendants' ECO-FILL designation are
virtually identical marks in sound and appearance, and they leave the same commercial impression
on the public. The phonetic and visual similarities of the two marks for coffee brewing products,

and in particular reusable brewing cartridges, only increases the likelihood of public confusion.

46.     By reason of all of the foregoing circumstances as described herein, Solofill has been, and now is, and, unless the relief herein prayed for is granted, will hereafter continue to be hindered, annoyed, and unlawfully interfered with by Defendants' use of the designation ECO-FILL upon its coffee brewing products, and will be irreparably damaged and will suffer great and irreparable loss by the diversion of its customers, trade, goodwill and reputation.  Plaintiff cannot obtain relief except in this Court by enhanced damages for past infringement and injunction against all future infringement.

47.     Defendants' acts complained of herein are in violation of 15 U.S.C. § 1114(1) and Plaintiff is entitled to all available remedies for the same under the Lanham Act.

## COUNT II

### UNFAIR COMPETITION UNDER THE LANHAM ACT
### TRADEMARK & TRADE DRESS INFRINGEMENT

48.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same as though fully set forth again herein.

49.     Without authorization, Adrian Rivera and ARM have used in connection with goods, and continue to use in interstate commerce and/or in commerce between the United States and foreign nations, symbols or devices in the form of a reproduction, or copy of the Solofill's SOLOFILL and "FLO" trademarks, logo and trade dress that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants thereto, or as to the origin, sponsorship, or approval of their goods or commercial activities.

50.     On information and belief Defendants' deliberate copying of key elements of Solofill's reusable filter cartridge product and adoption of confusingly similar designations logo

and trade dress was intended to confuse consumers about the origin of imitation products and specifically to confuse the relevant public that its imitation product either were Solofill's product or were sponsored by or associated in some way with Solofill.  Such intent is further evidenced by Defendants imitating the language, artwork and style of Solofill's packaging.

51.    Defendants have through its use of the confusing designations ECO-FILL and POLY-FLO in connection with its imitation reusable brewing cartridges, logo and packaging knowingly caused goods to enter into commerce, which goods bear a false designation of origin. This false designation of origin causes irreparable damage to Solofill and deceives the public.

52.    Defendants' unfair activities have caused and, unless enjoined by this Court, will continue to cause likelihood of confusion and deception of members of the trade and public and, additional injury to Solofill's goodwill and reputation as symbolized by its trademark, logo and trade dress, for which Plaintiff has no adequate remedy at law.

53.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Solofill's trademarks and trade dress to the great and irreparable injury of Plaintiff. As a result of Defendants' acts, Plaintiff has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Solofill is entitled to injunctive relief to an accounting of Defendants' profits for all sales made in unfair competition and for the costs of corrective advertising. Further, in light of the deliberately fraudulent and malicious use of a confusingly similar imitation of Plaintiff's distinctive trademarks and trade dress, and the need to deter Defendants from similar conduct in the future, Solofill is additionally are entitled to punitive damages and reasonable attorney's fees.

54.    By virtue of Defendants' actions hereinabove pleaded, Defendants have engaged in unfair competition with Solofill in contravention of 15 U.S.C. § 1125(a). By such likelihood of

confusion, mistake, and deception, Defendants are inflicting irreparable harm to the Solofill's

business and the goodwill symbolized by its registered and common law trademarks and trade

dress and the reputation for quality that these embody.

55.     Defendants' conduct has caused, and is likely to continue causing, substantial injury

to the public and to Solofill, and Solofill is entitled to injunctive relief and Defendants' profits,

actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to

15 U.S.C. §§ 1114(1), 1125(a), 1116 and 1117.

## COUNT III

### UNFAIR & DECEPTIVE TRADE PRACTICES
### UNDER STATE STATUTORY SCHEMES

56.     Solofill repeats and re-alleges all prior paragraphs of this Complaint, and

incorporates same as though fully set forth herein.

57.     Defendants market their imitation products under the confusingly similar ECO-

FILL and POLY-FLO marks and copied logo and packaging in such a way as to purposefully pass

off its goods as those of Plaintiff's marketed under the SOLOFILL and "FLO" marks and Solofill's

distinctive logo and packaging.

58.     Defendants have been (1)  passing off their goods or services as those of another;

(2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification

of goods or services; (3)  causing confusion or misunderstanding as to affiliation, connection, or

association with, or certification by, another; and/or (4) representing that goods or services have

sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not

have or that a person has a sponsorship, approval, status, affiliation, or connection which the person

does not. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of

business, trade, or commerce in violation of the unfair and deceptive practices within the meaning of the Texas Deceptive Trade Practices, TEXAS BUS & COM Code § 17.46 *et. seq.*

59.     Defendants' unauthorized use of confusingly similar trademarks and trade dress is causing, and will continue to cause, substantial injury to the public and to Plaintiff, which is thus entitled to all relief available as the Court deems appropriate.

## COUNT IV

## STATE AND COMMON LAW TRADEMARK/TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

60.     Solofill repeats and re-alleges all prior paragraphs of this Complaint, and incorporates same as though fully set forth herein.

61.     Defendants' conduct and actions set forth above  constitute trademark and trade dress infringement and unfair competition in violation of the common law of Texas.

62.     Defendants introduced an imitation reusable filter brewing cartridge and marketed the same under the designation ECO-FILL using confusingly similar logo, packaging and product presentation and "POLY-FLO" mark with full knowledge of Plaintiff's product design, name, logo, packaging and product presentation.  Defendants' actions demonstrate an intent to trade on the goodwill associated with SOLOFILL with the intention of deceiving and misleading the consumers of its products and the public to the great and irreparable injury of Plaintiff.

63.     Defendants' attempts to encroach upon Plaintiff's business by deceiving and misleading both consumers and suppliers constitutes a fraud for which equity must grant relief under common Texas law.

64.     Defendants' acts also constitute common-law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion to the

irreparable injury of Solofill and will, unless restrained, further impair, if not destroy, Solofill's trademark rights and goodwill, for which Solofill has no adequate remedy at law.

65.     As a result of such infringement and unfair competition, Solofill has suffered damages in the form of lost sales and lost profits and Solofill has suffered injury to its goodwill and business reputation symbolized by the Solofill's trademarks and trade dress.

**66.**     Further, as a result of such infringement and unfair competition, Adrian Rivera and ARM have made unjust profits and ill- gotten gains from the sale of its goods by trading on the reputation and goodwill associated with the Solofill's trademarks & trade dress.

## COUNT V

## MISAPPROPRIATION

67.     Solofill repeats and re-alleges all prior paragraphs of this Complaint, and incorporates same as though fully set forth herein.

68.     Defendants have misappropriated Solofill's trademark rights and goodwill by marketing an imitation product under a confusingly similar trademarks and logo and by presenting the product in a confusingly similarly manner using confusingly similar packaging.

69.     Defendants' engaged in this conduct without the permission of and without compensating Plaintiff, causing injury to Plaintiff in violation of the common law of Texas for which Plaintiff is entitled to legal and equitable redress.

## COUNT VI

## UNJUST ENRICHMENT

70.     The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated herein.

71.     Defendants conduct and actions set forth above constitute unjust enrichment under

the common law of Texas.

72.      Solofill is thus entitled to disgorgement of the unjust profits made by Defendants thereby.

## PRAYER

WHEREFORE, Plaintiff pays that:

1. The Court decree that Defendants' ECO-FILL designation for coffee brewing products is a reproduction, counterfeit, copy or colorable imitation of Plaintiff's mark and that its use in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive and was so intended in violation of 15. U.S.C. §1114(1).

2. The Court decree that, each alone or in combination, Defendants' use of the ECO-FILL and "POLY-FLO" designations, Eco-fill logo and/or Eco-fill trade dress in connection with coffee brewing products infringe and misappropriate Plaintiff's trademark rights in its SOLOFILL and "FLO" trademarks and Solofill's logo and trade dress in connection with coffee brewing products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or their products with Solofill, or as to the origin, sponsorship, or approval of such products with the commercial activities of Solofill in violation of 15. U.S.C. §1125.

3. The Court decree that this conduct comprises unfair competition with Plaintiff that unjustly enriches the Defendants.

4.   Defendants and their officers, agents, servants, employees, and all in active control or participation with them, be enjoined by permanent injunction from thereafter:

    a.   using the designation ECO-FILL or any colorable variation of Plaintiff's trademark SOLOFILL, alone or in combination with other words or symbols, in any manner in connection with any part of the advertising, promoting, selling, labeling, and any and all other identifying of any coffee brewing products that are not of Plaintiff's manufacture or have any connection with Plaintiff;

    b.   filing applications for registration of or taking any action to register or maintain the registration of the designation ECO-FILL or any facsimile of Plaintiff's trademark alone or in combination with other words or symbols, in any manner in the United States that causes, or is likely to cause, purchasers to believe that any product of Defendants is produced by Plaintiff, or has any connection with Plaintiff;

    c.   representing to the public, directly or indirectly, that the products that Defendants sell are in any manner affiliated with or sponsored by Plaintiff, or have the qualities or reputation of the products of Plaintiff;

    d.   using the designation ECO-FILL or "POLY-FLO" any colorable variation of Plaintiff's "FLO" and SOLOFILL trademarks in the

marketing of any of Defendants' products, or any other designation that is confusingly similar to Plaintiff's trademark in any manner whatsoever in the marketing of any of Defendants' products.

5.  Defendants and all those in privity with them be permanently enjoined from infringing on Plaintiff's trademark and trade dress rights, engaging in unfair competition, deceptive trade practices, misappropriation, or unjust enrichment including specifically through the use of any Eco-fill logo and trade dress that is a colorable variation of Plaintiff's designations, logos, trade dress for the sale of coffee brewing products.

6.  Defendants' be enjoined and directed to file with Court and serve on Plaintiff within a set period of time not to exceed ten (10) days from the order, a report in writing under oath, setting for in detail the manner and form in which Defendants have complied with this injunction.

7.  Defendants be enjoined and required to deliver up to Plaintiff all labels, containers, literature, artwork, advertising boxes, packaging materials or all other materials bearing the Eco-fill marks or logo with a set period of time not to exceed ten (10) days from the order.

8.  Defendants be ordered to account to Plaintiff for Defendants' profits under 15 U.S.C. §1117 and under state law resulting from Defendants' conduct adjudicated to constitute infringement on Plaintiff's registered trademark or violation of trademark or trade dress rights or to otherwise constitute unfair competition.

9.  Plaintiff be decreed to be entitled to its actual damages under 15 U.S.C. §1117

and state law in an amount to be determined at trial.

10. Damages and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117 and trebled under state law based upon Defendants' knowing and intentional imitation of Solofill's product appearance, trademarks, trade dress and packaging.

11. For reasonable attorney fees under 15 U.S.C. §1117 and state law.

12. For costs of suit under 15 U.S.C. §1117(a) and state law.

13. For statutory interest from the date this Complaint is filed according to law;

14. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury in this matter.

Dated: September 6, 2016                    Respectfully submitted,

                                            */s/ Sandeep Seth*
                                            Sandeep Seth
                                            Attorney In Charge
                                            TX State Bar No. 18043000
                                            ss@sethlaw.com
                                            SETHLAW
                                            TWO ALLEN CENTER
                                            1200 Smith Street
                                            Suite 1600
                                            Houston, TX 77002
                                            (713) 244-5017 (T)
                                            (713) 244-5018 (F)

                                            *Attorneys for Plaintiff*
                                            **SOLOFILL LLC**