United States District Court
Southern District of Texas
**ENTERED**
April 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOLOFILL, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2702 |
| | § | |
| ADRIAN RIVERA, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants Adrian Rivera and Adrian Rivera Maynez Enterprises, Inc.'s (collectively "ARM") motion to transfer venue. Dkt. 37. After considering the complaint, the motion, the response, the reply, the pending case in the Central District of California, and the applicable law, the court is of the opinion that ARM's motion to transfer venue should be GRANTED.

**I. BACKGROUND**

Solofill, LLC ("Solofill") and ARM are involved in a dispute regarding after-market reusable brewing containers designed to be used with a Keurig coffee maker, known as "K-cups." Dkt. 1 at 2. On June 28, 2016, ARM filed a complaint against Solofill for patent infringement, alleging that Solofill's reusable brewing containers infringed two of ARM's patents in United States District Court for the Central District of California (the "California litigation"). Dkt. 37, Ex. E (*Rivera v. Solofill, LLC*, Case No. 2:16-CV-04706 (C.D. Cal)). On September 6, 2016, Solofill filed a complaint for trademark infringement, trade dress infringement, and unfair competition in this court. Dkt. 1. On December 30, 2016, Solofill filed its second amended counterclaims in the California litigation. Dkt. 37, Ex. A. In those counterclaims, Solofill alleged that ARM "knocked off"

Solofill's reusable brewing containers and asked for relief from unfair competition under the Lanham Act. *Id.*

On January 5, 2017, ARM filed a motion to transfer Solofill's trademark claims from the Southern District of Texas to the Central District of California. Dkt. 37. ARM argues that this case should be transferred for the convenience of the parties and in the interest of justice. *Id.* Solofill opposes the transfer. Dkt. 42.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). The moving party bears the burden of showing why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In evaluating a § 1404(a) motion to transfer, the court examines (1) whether the action "might have been brought" in the transferee forum, and (2) whether there is "good cause" for transferring the action. *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312, 315 (5th Cir. 2008).

To show good cause, the movant must demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* at 315. In determining whether transfer is appropriate, the court considers private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local

interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* Although the Supreme Court has given the court some guidance with regard to the factors it should consider, none has dispositive weight, and "they are not necessarily exhaustive or exclusive." *Id.* (citing *Gulf Oil Corp. V. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839 (1947) (articulating the private and public interest factors to be considered in a motion to transfer venue)).

The transfer statute, § 1404(a), was designed to save time, energy, and money in situations where two cases involving the same issues are simultaneously pending in different district courts. *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 80 S. Ct. 1470 (1960). "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen*, 545 F.3d at 315. However, when the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court should therefore grant the transfer." *Id.*

### III. ANALYSIS

In its motion to transfer venue, ARM argues that having the same litigation occur in two forums is inefficient and creates the potential for inconsistent decisions. Dkt. 37. Solofill responds that the same litigation is not occurring in two forums, because it did not pursue trademark and trade dress infringement claims in the California litigation. Dkt. 42. Further, Solofill opposes the motion to transfer based on plaintiff's choice of forum being the Southern District of Texas, a strong local interest in Texas, and the familiarity of Texas courts applying Texas trademark law. *Id.*

First, the court will consider whether the action "might have been brought" in the Central District of California. The parties have complete diversity jurisdiction under 28 U.S.C. § 1332,

3

because Solofill is located in Houston, Texas and ARM is located in Whittier, California and La Mirada, California. Dkt. 37. Furthermore, Solofill admitted that venue was proper in the California litigation located in the Central District of California. *Id.*, Ex. F. The Court finds that this action could have been brought in the Central District of California. Therefore, the first step in the transfer analysis is satisfied.

Although the case may have been brought in the Central District of California, the court must also find "good cause" for transferring the action in order to transfer the case. *In re Volkswagen*, 545 F.3d at 315. Therefore, the court will weigh the public and private factors to determine whether transfer is warranted for the convenience of the parties and is in the interest of justice.

**A.      Private Interest Factors**

The first private interest factor is "the relative ease of access to sources of proof." *Id.* ARM argues that because it is located in California and has no location or employees in Texas that access to sources of proof is easier in the Central District of California. Dkt. 37. Solofill argues that it is located in Texas and has no locations in California, making access to sources of proof easier in the Southern District of Texas. Dkt. 42. Trial will be inconvenient and expensive to one party in either location and shifting the inconvenience from one party to another is insufficient to justify transfer. The court finds that this factor is neutral, because the ease of access to sources of proof for one party is in the Southern District of Texas and the other party is in the Central District of California.

The second private interest factor is "the availability of compulsory process to secure attendance of witnesses." *In re Volkswagen*, 545 F.3d at 315. A district court may compel attendance of a witness through the issuance of a subpoena within the district of the court or any place within one hundred miles of the trial. Fed. R. Civ. P. 45(b)(2)(C). Witnesses are unavailable for compulsory process if they are outside of subpoena range. ARM argues that it has witnesses

located within the Central District of California that would be expected to testify at trial. Dkt. 37. Solofill argues that this factor is neutral, because ARM did not identify any unwilling or non-party witnesses that would be inconvenienced by litigating in Texas. Dkt. 42. Although ARM states in its motion that it has witnesses that live in the Central District of California, ARM does not specify if those witnesses are employees or if they are unwilling to attend trial. Dkt 37. If the witnesses are employees of ARM residing in the Central District of California, they may be compelled to attend trial in Texas within the scope of their employment. *Pension Advisory Grp. Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 711 (S.D. Tex. 2011) (Jack, J.). Furthermore, if the witnesses are willing to attend trial without compulsory process, the witnesses costs should be considered in the third factor of the private interest factor analysis. *In re Volkswagen*, 545 F.3d at 315. The court finds that this factor is neutral, because ARM did not identify any non-party or unwilling witnesses that would be outside subpoena range.

The third private interest factor is "the cost of attendance for willing witnesses." *In re Volkswagen*, 545 F.3d at 315. ARM argues that transfer would be convenient for both parties because there is already pending litigation in the Central District of California and transfer would eliminate parallel litigation in California and Texas. Dkt. 37. Solofill argues that this factor is neutral because one party is located in Texas and the other in California, therefore the parties are equally inconvenienced by having to litigate in the home forum of the other. Dkt. 42. The court finds that this factor is neutral, because neither party provided evidence as to the specific cost comparisons for the willing witnesses to attend trial in Texas versus California.

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen*, 545 F.3d at 315. ARM does not address this factor in its motion to transfer. Dkt. 37. Solofill argues transfer in this case would result in delay,

5

because this court has already held an injunction hearing regarding the issues in this case. Dkt. 42. The delay associated with transfer may be relevant in "rare and special circumstances," however, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013). If allowed, delay would militate against transfer in every case. *Id.* Here, the court finds no evidence or "rare and special circumstances" establishing that transferring this case would cause significant delay or prejudice to any of the parties. Further, the court notes that this case is still in its early stages. Therefore, the court finds that this factor is neutral.

**B.     Public Interest Factors**

The first public interest factor is "the administrative difficulties flowing from court congestion." *In re Volkswagen*, 545 F.3d at 315. ARM does not address this factor in its motion to transfer. Dkt. 37. Solofill argues that because case management deadlines have already been set in the California litigation, transfer would be against the interest of judicial economy. Dkt. 42. To the extent that court congestion is relevant to transferring venue, the speed with which a case can come to trial and be resolved may be a factor. *Sandbox Logistics LLC v. Grit Energy Solutions LLC*, No. 3:16-CV-12, 2016 WL 4400312, at *6 (S.D. Tex. Aug. 17, 2016) (Hanks, J.). In analyzing this factor, courts often consider the median time interval from case filing to disposition. *Id.* In the twelve-month period ending in December 2016, the Southern District of Texas had a median time from filing to disposition for civil cases of 8.0 months and a median time from filing to trial for civil cases of 22.5 months. *See* U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (December 31, 2016), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf. In contrast, in the same time period, the Central District of California had a median time from filing

to disposition for civil cases of 5.0 months and a median time for filing to trial for civil cases of 19.4 months. *Id.* Therefore, the court concludes that this factor weighs slightly in favor of transferring venue.

The second public interest factor is "the local interest in having localized interests decided at home." *In re Volkswagen*, 545 F.3d at 315. ARM did not address this issue in its motion to transfer. Dkt. 37. Solofill argues that because Solofill is a limited liability corporation with a Texas founder and Texas employees, that Texas has a strong local interest in protecting local business. Dkt. 42. The local interest factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *In re Volkswagen*, 545 F.3d at 315. Although Texas has a local interest in Solofill as a Texas limited liability company, California has the same local interest in ARM. The court concludes that this factor is neutral, because each state has an interest in resolving disputes involving its citizens within its borders.

The third public interest factor is "the familiarity of the forum with the law that will govern the case." *In re Volkswagen*, 545 F.3d at 315. ARM did not address this issue in its motion to transfer. Dkt. 37. Solofill alleged trademark and trade dress infringement under the state and common laws of Texas. Dkt. 42. Solofill argues that the Southern District of Texas is more familiar with Texas law than the Central District of California. *Id.* When a controversy is governed by state law, a court should consider the desirability of having a case decided by a court in a state whose substantive law governs the action. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The court also observes that trademark claims under the Lanham Act and Texas state law use the same standards for determining infringement, minimizing the impact of this factor. Therefore, the court concludes that this factor weighs slightly against transfer, because a court in Texas, such as the Southern District of Texas, is preferential when applying Texas substantive law.

The fourth public interest factor is "the avoidance of unnecessary problems of conflict of laws or application of foreign law." *In re Volkswagen*, 545 F.3d at 315. This factor is not addressed by the parties in either motion. Dkt. 37, Dkt. 42. Therefore, the court concludes that this factor is not applicable.

C.   **The Interest of Justice**

Although not an explicit public interest factor in the analysis as articulated by *In re Volkswagen*, "the interest of justice" is an important factor in the venue transfer analysis. *Cont'l Grain Co.*, 364 U.S. at 26; *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003). Transfer is particularly appropriate where related cases involving the same issue are pending in two different courts. *Cont'l Grain Co.*, 364 U.S. at 26. The Supreme Court observed "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* The existence of related litigation in a transferee court is a factor that weighs strongly in favor of a venue transfer. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528–29 (5th Cir. 1988). More specifically, piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. *See Smiths Indus. Med. Sys., Inc. v. Ballard Med. Prods., Inc.*, 728 F. Supp. 6, 7 (D.D.C. 1989) (transferring the plaintiff's trademark claims to the venue where the parties already had pending patent litigation because "all of the parties' related patent and trademark infringement claims should be decided in the same court").

ARM argues that the interest of justice favors transfer because the parties are already litigating patent infringement claims in the Central District of California. Dkt. 37. Furthermore, ARM alleges Solofill filed counterclaims requesting relief for unfair competition under the Lanham

Act in the California litigation that overlap with the claims in this court. *Id.* Solofill argues that all of the claims and counterclaims in the Central District of California are related to the patent infringement claims. Dkt. 42. This court has reviewed the counterclaims in the California litigation and finds that Solofill, despite its protests otherwise, is asserting claims for unfair competition under the Lanham Act in both California and Texas. Dkt. 37, Ex. A, Ex. B. The ongoing litigation in California between the parties also relates to the reusable brewing containers. *Id.* Although the primary claims in the California litigation relate to patent claims and the primary claims in the Texas litigation relate to the trademark claims, transfer under § 1404(a) is appropriate when there is ongoing litigation on a related case in another jurisdiction. *Smiths Indus.*, 728 F. Supp at 7. Due to the interrelatedness of the two actions, including ARM and Solofill both already being parties to the California litigation, the same reusable brewing containers being at issue under patent and trademark law, and Solofill requesting relief in both cases under the Lanham Act for unfair competition, the court concludes that the interest of justice favors transfer of this case to the Central District of California.

The final consideration in determining whether venue transfer is appropriate is the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. ARM argues that the plaintiff's choice of forum should not be given substantial weight because this suit was filed in retaliation for the California litigation. Dkt. 37. Solofill argues that the plaintiff's choice of forum is entitled to deference. Dkt. 42. The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations. *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981). The court finds that the plaintiff's choice of forum is clearly outweighed by the interest of justice. Considering all private interest factors, public interest factors, and the interest of justice, the court

concludes that ARM has shown good cause and therefore this case should be transferred to the Central District of California.

## IV. Conclusion

Accordingly, ARM's motion to transfer venue is GRANTED. Dkt. 37. This case is hereby TRANSFERRED to the United States District Court for the Central District of California, Western Division.

Signed at Houston, Texas on April 13 , 2017.

_____
Gray H. Miller
United States District Judge